**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 97-40369

---

DANIEL SOLOMAN,

Plaintiff-Appellant,

VERSUS

JAMES A. COLLINS, Director; CAROL S. VANCE; ELLEN J. HALBERT; ALLEN B. POLUNSKY, Chairman; JOSHUA W. ALLEN; R.H. DUNCAN; GILBERTO HINOJOSA; JOHN WARD; ROBERT WILSON; S.O. WOODS, JR.; WAYNE SCOTT, Director, Texas Department of Criminal Justice, Institutional Division; JACK GARNER, Warden; ANDY MASSINGILL; JOHN DOE, I; JOHN DOE, II; JOHN DOE, III; TIM WILKINSON; MICHAEL O'GUIN, Captain; CHARLES POWELL; LARRY MCGUIRE; JANIE COCKRELL; BRUCE ROSEBERRY; JEFFERY CALFEE; DAWN GROUNDS; CHRISTOPHER BELL,, Telford Unit employee; STANLEY MELVIN, Telford Unit employee; ROBBIE PROCTOR, Telford Unit employee,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Eastern District of Texas
(5:96-C-148)

---

June 26, 1998

Before REAVLEY, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se and *in forma pauperis* ("IFP"), Daniel

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Soloman, Texas inmate #319470, filed a civil rights complaint against various Texas Department of Criminal Justice ("TDCJ") officials and members of the Texas Board of Criminal Justice. Soloman alleged a violation of the Eighth Amendment based on the defendants' failure to protect him from the following circumstances arising from events at the TDCJ Telford Unit: 1) the physical design of the Telford Unit; 2) the means by which inmates were assigned custodial classifications; 3) the lack of training for guards in detecting instances of assault, sexual abuse, and extortion rackets within the general population of prisoners; 4) Soloman's assignments to general population, although Soloman was physically distinguishable as vulnerable and a potential victim as well as having a history of receiving inmate assaults; 5) the lack of proper supervision at the Telford Unit; 6) several inmate assaults against Solomon in 1995, some resulting in stab wounds; an excessive-use-of-force incident in November 1995 which resulted in a false disciplinary charge against Soloman and the loss of good-time credit; 7) the danger faced by Solomon by being placed in administrative segregation ("ad-seg") housing with inmates assigned there for security reasons instead of for protective custody; and 8) alteration of Soloman's prison record to indicate incorrectly that his ad-seg custody is for security reasons and not for protective reasons.

The district court dismissed the complaint pursuant to 28 U.S.C. § 1915(g), finding that Solomon had filed at least three prior civil rights suits which were dismissed as frivolous and that

2

his allegations failed to demonstrate that Soloman "is in imminent danger of serious bodily injury." § 1915(g). The dismissal was without prejudice and provided that the judgment would be vacated if Solomon paid the filing fee within thirty days from the entry of judgment. After Soloman filed a notice of appeal, the district court granted him leave to proceed on appeal IFP and ordered a fee-payment schedule.

ANALYSIS

The district court's determination that § 1915(g) bars Soloman from proceeding IFP in a civil action seems incongruous with the grant of leave to appeal IFP. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The district court did not err in finding, and Soloman does not contest the fact, that he has had at least three dismissals on the basis of frivolousness. *See Soloman v. Pittcock*, No. 92-CV-519 (E.D. Tex. Jan. 7, 1993); *Soloman v. Collins*, No. TY-88-238-CA (E.D. Tex. Aug. 29, 1988); *Soloman v. McKaskle*, No. H-84-41 (S.D. Tex. June 19, 1987).

In light of Soloman's three strikes, he cannot proceed on appeal IFP unless the statutory exception applies, that is, unless he "is under imminent danger of serious physical injury." § 1915(g); *see Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir.

3

1996). This case requires us to determine what showing must be made by a plaintiff who asserts that he should be allowed to proceed IFP because he is in imminent danger of serious physical injury. The plain language of the statute leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or at the time that he seeks to proceed with his appeal or files a motion to proceed IFP. *See* 1915(g).

The only other circuit that has addressed this issue came to a different conclusion. The Third Circuit, in *Gibbs v. Roman*, 116 F.3d 83 (3rd Cir. 1997), held that an inmate filing a complaint pursuant to § 1915(g) must allege imminent danger at the time of the alleged incident that serves as the basis of the complaint rather than at the time the complaint was filed. *Gibbs*, 116 F.3d at 86. We read the statute to require the inquiry concerning the prisoner's danger to be made at the time of the IFP motion.

In revising § 1915, the 104th Congress intended to discourage the filing of frivolous IFP law suits. *See* H.R.Rep., No.104-21, § 202, at 22 (1995). Congress designed the new IFP provision to require every IFP litigant to pay the requisite filing fees in full. 28 U.S.C. § 1915(b). However, IFP status allows an indigent litigant to make periodic partial payments as his ability to pay allows and does not require full payment before the litigation goes forward. *Id.* If a litigant abuses the IFP privilege, as evidenced by three "strikes" (dismissals for frivolousness), § 1915(g) has

4

the effect of delaying litigation of the merits of a claim until the fee is paid in full.[2]  When such a delay threatens "imminent danger of serious physical injury," the litigant will be granted IFP status in spite of his past abuse and allowed to pay out his filing fee obligations.  In order to implement this statutory scheme, we must determine if danger exists *at the time the plaintiff seeks to file his complaint or notice of appeal IFP.* Likewise, the language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made.

Applying this standard to Soloman, we conclude that he is not entitled to proceed with this appeal IFP.  He has not alleged, much less established, that he faced imminent danger of serious physical injury at the time that his notice of appeal was filed.  We therefore REVOKE his IFP status and dismiss his appeal.  The appeal may be reinstated if Soloman pays the appeal fees within thirty days of this dismissal.

IFP STATUS REVOKED.  APPEAL DISMISSED.

---

[2]It is possible that a potential litigant who is denied IFP status under this provision will not have the ability to pay the entire filing fee within the statute of limitations or, in the case of an appeal, within the time for filing an appeal, and will thereby be precluded from litigating or appealing his case on the merits.  This circuit has held the "three strike" provision of § 1915(g) constitutional in spite of this risk.  *See Carson v. Johnson*, 112 F.3d 818 (5th Cir. 1997).